IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      **Plaintiff,**

      v.                                                CASE NO. 25-3194-JWL

BRENTON BOGART,

      **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joshua Jensen is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff claims that Defendant Bogart violated a Kansas Department of Corrections ("KDOC") policy regarding access to forms, citing IMPP 02-118 (Attachment A) and IMPP 01-128(II)(B)(1). (Doc. 1, at 4.) Plaintiff claims that IMPP 02-118 contains Defendant's signature on Attachment A, and IMPP 01-128 (II)(B)(1) contains a breach of contract clause stating that if the KDOC is notified, the staff "shall provide a complaint form." *Id*. Plaintiff alleges that Defendant "would only make [Plaintiff] a copy if [Plaintiff] paid Union Supply $0.10 a page." *Id*. Plaintiff names Brenton Bogart, ASII at the Norton Correctional Facility as the sole defendant. For relief, Plaintiff seeks $999,999 in damages. *Id*.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

2

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Jurisdiction

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" that extends to "any stage in the litigation." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v.*

3

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Plaintiff states that his case involves a breach of contract. He asserts diversity jurisdiction, stating that he is a citizen of Ohio. (Doc. 1, at 3.) Federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

"For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (citation omitted). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260 (citation omitted). "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." *Id*. The presumption is rebuttable, and "[f]actors to be weighted in determining domicile include the prisoner's declaration of intentions, 'the possibility of parole . . ., the manner in which [he] has ordered his personal and business transactions, and any other factors that are relevant to corroboration of [the prisoner's] statements." *Id*. (citation omitted). Plaintiff has not indicated whether he lived in Ohio prior to his imprisonment or whether he intends to return there upon release.

Plaintiff seeks $999,999 in damages because he had to pay $.10 per page for a form that he claims should have been given to him free of charge per KDOC policy. When the amount in

controversy is questioned, "the party asserting jurisdiction has the burden to show 'that it is not legally certain that the claim is less than the jurisdictional amount.' " *Mocek*, 813 F.3d at 934–35 (quoting *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003)). Dismissal on amount-in-controversy grounds is generally 'warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction.' " *Id.* (quoting *Woodmen of the World*, 342 F.3d at 1216–17). Moreover, punitive damages may be considered in determining the requisite jurisdictional amount. *Woodmen of the World*, 342 F.3d at 1218.

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citing see, *e.g., Mt. Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 274, 276, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977) (" '[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.' ) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S. Ct. 586, 82 L .Ed. 845 (1938); alteration in original)).

"For purposes of federal jurisdiction, the determination of the amount-in-controversy is a question of federal law, governed by federal standards." *Cobarrubia v. Keefe Group, LLC*, 2025 WL 2143311, at *3 (D. N.M. 2025) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961)). "Nevertheless, federal courts must look to state law to determine the nature and extent of the substantive right at issue in a diversity case." *Id*. (citing *Horton*, 367 U.S. at 352-53).

Although punitive damages can be considered for the amount in controversy, "under Kansas law, punitive damages are not recoverable for breach of contract." *J.W. Petroleum, Inc. v. Lange*, 787 F. Supp. 975, 976 (D. Kan. 1992) (citation omitted); *see also Huffman v. City of Oskaloosa, Kansas*, 2023 WL 11872623, at *5 (D. Kan. 2023) ("Regarding Plaintiff's breach of

5

contract claim, Kansas law similarly 'precludes a claim for punitive damages on a breach of contract theory.'") (citing *EST Inc. v. Royal-Grow Prods., LLC*, 526 F. Supp. 3d 943, 961 n.5 (D. Kan. 2021) (citing *Cornwell v. Jespersen*, 238 Kan. 110, 120 (1985)); *Penncro Assocs., Inc. v. Sprint Corp.*, No. 04-2549-JWL, 2006 WL 416227, at *9 (D. Kan. Feb. 22, 2006) ("Under Kansas law, a party is not permitted to recover punitive damages in an action based solely on a theory of breach of contract." (citing *CIT Grp./Sales Fin., Inc. v. E-Z Pay Used Cars, Inc.*, 29 Kan. App. 2d 676, 684 (2001))). In addition, "damages for pain and suffering are not cognizable for breach of contract under Kansas law." *McKenzie v. Office Depot Store*, 2012 WL 5869830, at *2 (D. Kan. 2012) (citing *Clay v. Bd. of Trustees of Neosho Cnty. Cmty. Coll.*, 905 F. Supp. 1488, 1500 (D. Kan.1995)).

Plaintiff's request for damages in the amount of $999,999 does not appear to be made in good faith. Plaintiff was required to expend $ 0.10 per page for a one-page form. *See* IMPP 01-128D, Attachment A (one-page Discrimination Complaint Form). A breach of contract claim under Kansas law does not entitle him to punitive damages or damages for pain and suffering. Plaintiff should show good cause why this matter should not be dismissed for lack of subject matter jurisdiction for failure to meet the amount in controversy limit for diversity jurisdiction.

**2. Breach of Contract**

Even if Plaintiff is able to show that this court has diversity jurisdiction, Plaintiff has not shown a plausible breach of contract claim. Plaintiff claims that Defendant breached a contract with Plaintiff when he failed to follow the KDOC's policies. "Prison regulations are 'primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates . . . ." *Adkins v. Kansas*, 2025 WL 604994, at *6 (D. Kan. 2025) (citing *Brown v. Wyoming Dep't of Corr.*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished) (quoting

6

*Sandin v. Conner*, 515 U.S. 472, 481–82 (1995))).

Plaintiff has not shown that the IMPP created a contract or that the IMPP required free copies. Plaintiff cites IMPP 02-118 as containing Defendant's signature on Attachment A, and IMPP 01-128 (II)(B)(1) as containing a breach of contract clause stating that if the KDOC is notified, the staff "shall provide a complaint form." Attachment A to IMPP 02-118 is a blank Code of Ethics form for employees to sign. IMPP 01-128 deals with "Discrimination Complaints by Staff, Contractors, Volunteers and Residents." Internal Management Policy & Procedure ("IMPP") 01-128D (effective 08-03-2024). Section II(B)(1) provides:

> II. Complaint Procedures
> . . . .
> B. Any KDOC staff or staff of any subgrantee who receives a complaint of alleged discrimination involving a staff, contractor, volunteer or resident shall:
> 1. provide the complainant with a KDOC Dicrimination Complaint Form for Staff, Contractors, Volunteers, and Residents (Attachment A), and assist the complainant as needed in completing the form;

IMPP 01-128D(II)(B)(1). Nothing in the cited section mentions free copies. The IMPPS, including IMPP 01-128D, also contain a NOTE at the bottom stating:

> **NOTE**: The policy and procedures set forth herein are intended to establish directives and guidelines for staff, residents, and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees, residents, or offenders, or an independent duty owed by the Department of Corrections to employees, residents, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes

7

>and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

IMPP 01-128D (NOTE at pages 6–7).

Plaintiff alleges breach of contract and does not allege a constitutional violation. Even if Plaintiff were to allege a constitutional violation, this Court has held "that no constitutional denial of access is shown by a prison official's decision to deny free copy service to an inmate determined not to be indigent." *Mitchner v. Shelton*, 2009 WL 274224, at *6 (D. Kan. 2009). Plaintiff has not alleged that he was unable to pay the $0.10 per page copying fee. In fact, this Court assessed a $23.00 initial partial filing fee against Plaintiff based on the financial information he submitted. *See* Doc. 3, at 8; Doc. 4.

**IV. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 7, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 7, 2025, in Kansas City, Kansas.**

>S/ John W. Lungstrum
>JOHN W. LUNGSTRUM
>UNITED STATES DISTRICT JUDGE