IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA JENSEN,**

      **Plaintiff,**

      v.                                         **CASE NO. 25-3194-JWL**

**BRENTON BOGART,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On October 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until November 7, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 7.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

Plaintiff claims that Defendant Bogart violated a Kansas Department of Corrections ("KDOC") policy regarding access to forms, citing IMPP 02-118 (Attachment A) and IMPP 01-

1

128(II)(B)(1).  (Doc. 1, at 4.)  Plaintiff claims that IMPP 02-118 contains Defendant's signature on Attachment A, and IMPP 01-128 (II)(B)(1) contains a breach of contract clause stating that if the KDOC is notified, the staff "shall provide a complaint form." *Id*.  Plaintiff alleges that Defendant "would only make [Plaintiff] a copy if [Plaintiff] paid Union Supply $0.10 a page." *Id*.  Plaintiff names Brenton Bogart, ASII at the Norton Correctional Facility as the sole defendant.  For relief, Plaintiff seeks $999,999 in damages.   *Id*.

Plaintiff states that his case involves a breach of contract.  He asserts diversity jurisdiction, stating that he is a citizen of Ohio.  (Doc. 1, at 3.)  The Court found in the MOSC that Plaintiff did not indicate whether he lived in Ohio prior to his imprisonment or whether he intends to return there upon release.  The Court also found that Plaintiff's request for damages in the amount of $999,999 does not appear to be made in good faith.  Plaintiff was required to expend $ 0.10 per page for a one-page form.  *See* IMPP 01-128D, Attachment A (one-page Discrimination Complaint Form). A breach of contract claim under Kansas law does not entitle him to punitive damages or damages for pain and suffering.  The Court ordered Plaintiff to show good cause why this matter should not be dismissed for lack of subject matter jurisdiction for failure to meet the amount in controversy limit for diversity jurisdiction.

The Court also found in the MOSC that even if Plaintiff is able to show that this Court has diversity jurisdiction, Plaintiff has not shown a plausible breach of contract claim.  Plaintiff claims that Defendant breached a contract with Plaintiff when he failed to follow the KDOC's policies.  "Prison regulations are 'primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates . . .."  *Adkins v. Kansas*, 2025 WL 604994, at *6 (D. Kan. 2025) (citing *Brown v. Wyoming Dep't of Corr.*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995))).  The

Court found that Plaintiff has not shown that the IMPP created a contract or that the IMPP required free copies.

Plaintiff alleges breach of contract and does not allege a constitutional violation. The Court found in the MOSC that even if Plaintiff were to allege a constitutional violation, this Court has held "that no constitutional denial of access is shown by a prison official's decision to deny free copy service to an inmate determined not to be indigent." *Mitchner v. Shelton*, 2009 WL 274224, at *6 (D. Kan. 2009). Plaintiff has not alleged that he was unable to pay the $0.10 per page copying fee. In fact, this Court assessed a $23.00 initial partial filing fee against Plaintiff based on the financial information he submitted. *See* Doc. 3, at 8; Doc. 4.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 5, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

Dated November 10, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
